**FILED**

**JANUARY 21, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEGGY CONNOR, on behalf of herself and all other persons similarly situated, known and unknown,   )<br>)<br>)<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>LEONA'S PIZZARIA, INC., LEON TOIA, and SALVATORE TOIA,   )<br>)<br>Defendants.   ) | **PH**    **08 C 447**<br><br>Case No.    **JUDGE GOTTSCHALL**<br>**MAGISTRATE JUDGE VALDEZ**<br><br>**JURY DEMANDED** |

### COMPLAINT

Plaintiff Peggy Connor, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her complaint against Defendants Leona's Pizzaria, Inc., Leon Toia and Salvatore Toia, states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et. seq.*, for Defendants' failure to pay Plaintiff and other similarly-situated employees earned minimum wage and straight time wages. Defendants own and operate 12 restaurants in Chicago and certain suburbs under the name 'Leona's Neighborhood Restaurant.' Plaintiff and the class she represents are current and former hourly employees of Defendant, working as servers and other tipped employees.

Defendants paid its tipped employees sub-minimum hourly wages, purportedly under the tip-credit provisions of the FLSA and IMWL. Those provisions permit employers of tipped

1

employees to pay wages less than the prevailing minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants willfully disregarded those requirements, and thus violated the federal and state minimum wage laws. Defendants have a policy of regularly assigning tipped employees, paid sub-minimum wages, to perform an array of duties outside the duties of their tipped positions, which would otherwise be performed by employees earning at least minimum wage. In addition, Defendants failed to inform tipped employees of the provisions of the tip credit subsection of the FLSA. Defendants also took impermissible wage deductions from tipped employees, ostensibly for meals.

Further, Defendants failed to pay Plaintiff and the class of tipped employees for all time worked. Tipped employees were customarily required to begin work fifteen minutes prior to their scheduled start time. However, these employees were not permitted to clock in until their scheduled start time. This practice, along with impermissible meal deductions, result in Defendants' failure to pay their employees for all time worked.

Plaintiff brings this lawsuit as a collective action under the FLSA, and as a class action under the IMWL and IWPCA.

## THE PARTIES

2.    Plaintiff Peggy Connor resides and is domiciled in Cook County, Illinois. From approximately November 2002 through February 2006, Plaintiff was employed by Defendants as a server at their restaurant in the Hyde Park neighborhood of Chicago, and later at the Beverly restaurant, within this judicial district.

3.    Defendant Leona's Pizzaria, Inc. ("Leona's"), is an Illinois corporation that owns and operates 12 restaurants within this judicial district.

2

4.     Defendant Leon Toia is the president of Leona's, and supervises the day-to-day business operations of the company.  Leon Toia has the authority to hire and fire employees; the authority to direct and supervise the work of employees; the authority to make decisions regarding employee compensation and capital expenditures; and is a signatory on the company checking accounts.

5.     Defendant Salvatore Toia is the secretary of Leona's, and supervises the day-to-day business operations of the company.  Salvatore Toia has the authority to hire and fire employees; the authority to direct and supervise the work of employees; the authority to make decisions regarding employee compensation and capital expenditures; and is a signatory on the company checking accounts.

6.     At all times relevant hereto, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.  Plaintiff was not exempt from the minimum wage provisions of the FLSA and the IMWL.

7.     At all times relevant hereto, Defendants were "employer(s)" as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2. Defendant Leona's owns and operates restaurants in Illinois, is an "enterprise(s)" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.  29 U.S.C. § 203(s)(1).  Defendants' employees are engaged in interstate commerce and the company's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.  During the course of her employment by Defendants, Plaintiff handled goods, including perishable produce and other food products, that moved in interstate commerce.

3

**COUNT I**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**(Collective Action Under 29 U.S.C. § 216(b))**

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 7 of this Complaint.

8.    This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay minimum wages to Plaintiff and other similarly-situated employees.  Plaintiff brings this claim as a collective action under the Act.  29 U.S.C. § 216(b).  A copy of Plaintiff's consent form to act as a representative plaintiff is attached hereto as Exhibit 1.

9.    Plaintiff, employed as a tipped server, and other similarly-situated persons employed in tipped positions, were not exempt from the minimum wage provisions of the Fair Labor Standards Act.

10.    Plaintiff, as a tipped employee, was paid by Defendants at a tip credit rate less than minimum wage.

11.    An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage.  29 U.S.C. § 203(m). The tip credit provision of the FLSA does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. 29 U.S.C. § 203(m).

12.    Although Defendants took the tip credit by paying Plaintiff and similarly-situated tipped employees less than the minimum hourly wage, Defendants did not inform their tipped employees of the provisions of the tip credit subsection.

13.    Further, Defendants have a practice of regularly utilizing tipped employees to perform duties outside the scope of a tipped occupation. Thus, Defendants regularly require servers to perform opening and closing duties before the restaurants open for business and after they close, but continue to pay them sub-minimum, tip-credit wages while engaged in those non-tipped duties.

14.    Defendants also had a practice of making impermissible wage deductions, allegedly for meals, from the tip credit wage of Plaintiff and other tipped employees, resulting in wages below both minimum wage and the tip credit rate.

15.    Defendants' failed to comply with the terms of the tip credit requirements of the FLSA and failed to otherwise pay all earned minimum wages as explained above. As a result of Defendants' violation of the Act, Plaintiff and similarly-situated tipped employees did not receive their earned wages. Defendants' failure to pay Plaintiff and similarly-situated tipped employees was a willful violation of the Act.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A.    damages, in the amount of the owed minimum wages for all time worked by Plaintiff and similarly-situated tipped employees;

B.    liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.    reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.    such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Class Action Under Fed. R. Civ. P. 23)

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15 of this Complaint.

16.     This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiff and the class of tipped employees that she represents all their earned minimum wages. Plaintiff and the class are current and former tipped employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* Plaintiff brings this Count II as a class action under Fed. R. Civ. P. 23.

17.     Plaintiff and other similarly-situated employees worked as servers and in other tipped positions.  Defendants paid these persons an hourly rate less than minimum wages at a tip credit rate.

18.     An employer may pay a tipped employee a tip credit rate if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. § 203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted.  FLSA, 29 U.S.C. § 203(m).

19.     Although Defendants took the tip credit by paying Plaintiff and the class less than the minimum hourly wage, Defendants did not inform its tipped employees of the provisions of the tip credit subsection. Further, Defendants has a practice of regularly utilizing tipped

6

employees to perform duties not within the scope of a tipped occupation, while paying those employees sub-minimum tip credit wages. In addition, Defendants impermissibly deducted alleged meal costs from employee wages.

20.     Defendants' practices violate the minimum wage provisions of the IMWL.

21.     Plaintiff seeks to certify this Count II and Count III, violation of the Illinois Wage Payment and Collection Act, as a class action. Plaintiff asks that the Court determine the rights of the classes pursuant to those statutes, and any other damages due, and further asks that the Court direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiff and the classes that she represents.

22.     Counts II and III are brought pursuant to Fed. R. Civ P. 23 because the class members similarly situated to Plaintiff are so numerous that joinder of all members is impracticable. On information and belief, the classes under the state law claims will number in excess of 50 people. Plaintiff therefore brings this action against Defendants on her own behalf as an aggrieved employee, and in her representative capacity on behalf of the classes. The individually-named Plaintiff and the similarly-situated persons are equally affected by the minimum wage and wage payment violations of Defendants, and the relief sought is for the benefit of the individual Plaintiff and the classes that she represents.

23.     The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any. The individual Plaintiff and the classes of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit. The Named Plaintiff believes and asserts that she is able to fairly

7

and adequately represent and protect the interests of the classes. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

24.    The books and records of Defendants are material to Plaintiff's action as they disclose certain of the hours worked by each of the affected employees and the rate of pay for that work.

25.    Defendants violated the Illinois Minimum Wage Law by failing to compensate Plaintiff and members of the class consistent with the minimum wage provisions.

26.    Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the class pray judgment against Defendants as follows:

A.    damages, in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.    injunctive relief, precluding Defendants from violating the Illinois Minimum Wage Law; and

8

E.    such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Nonpayment of Wages
### (Class Action Under Fed. R. Civ. P. 23)

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

27.    This Count III is brought by Plaintiff on behalf of herself and a class of tipped employees pursuant to Fed.R. Civ. P. 23.

28.    At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et. seq.*, and Plaintiff and similarly-situated persons were "employee(s)" within the meaning of that law. Defendants were at all times aware of its obligation to pay its hourly employees for all time they worked, and is aware of the compensation actually paid to Plaintiff and the class members.

29.    Defendants agreed to compensate its employees, including Plaintiff and the class of tipped employees, for all time worked.

30.    However, Defendants failed to pay employees for all time worked pursuant to their agreement or understanding resulting in tipped employees working certain time without compensation.  Further, Defendants regularly made impermissible deductions from the wages of Plaintiffs and other tipped employees under the guise of meal deductions.  Defendants thus failed to compensate Plaintiff and the class for all work time, in violation of the IWPCA.

WHEREFORE, Plaintiff and the class pray for judgment against Defendants as follows:

A.    damages, in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2; and

C.      reasonable attorneys' fees and costs of this action;

D.      injunctive relief, precluding Defendants from violating the Illinois Wage Payment

and Collection Act; and

E.      such other and further relief as this Court deems just and proper.


Dated: January 18, 2008


                                        Respectfully submitted,

                                        PEGGY CONNOR


                                        s/ Douglas M. Werman
                                        One of the Attorneys for Plaintiff

Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312/360-0960

Attorneys for Plaintiff

# EXHIBIT A

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by Leona's Pizzeria, Inc., or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Peggy Connor_____ (print your name)

Signature: _Peggy Econnor_____

Date on which I signed this Notice: _12-19-07_____
(today's date)